IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SEAN CHEUNG TONG, Trustee of the unrecorded Kumukumu Trust dated January 1, 2015,<br><br>                Plaintiff,<br><br>  vs.<br><br>RONALD W.S. TOM; CITY AND COUNTY OF HONOLULU, et al.,<br><br>                Defendants. | CIV. NO. 17-00581 JMS-KJM<br><br>ORDER GRANTING DEFENDANT CITY AND COUNTY OF HONOLULU'S FRCP RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT FILED ON FEBRUARY 26, 2018, ECF NO. 25 |

## ORDER GRANTING DEFENDANT CITY AND COUNTY OF HONOLULU'S FRCP RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT FILED ON FEBRUARY 26, 2018, ECF NO. 25

### I. INTRODUCTION

The City and County of Honolulu (the "City") moves to dismiss Plaintiff Sean Cheung Tong's ("Plaintiff" or "Tong") Second Amended Complaint ("SAC") for: 1) failure to state a valid claim under *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978); 2) alleging a violation of the Hawaii State Constitution when no such claim exists; and 3) claiming that the City conspired with Ronald Tom, without alleging any facts supporting a conspiracy. Because the

court finds that Tong's SAC fails to state a claim against the City, the Motion is GRANTED, with leave to amend.

## II. BACKGROUND

### A. Factual Background

The facts alleged in the SAC are relatively straightforward. Plaintiff claims that he is the owner of an apartment located at 1086 Kumukumu Street, Honolulu, Hawaii (the "apartment"). SAC ¶ 9, ECF No. 24. After a foreclosure action was instituted, a default judgment was entered entitling the Mariner's Village Three Community Association to foreclose on the apartment. *Id*. ¶¶ 12, 17. On June 26, 2017, the First Circuit Court of the State of Hawaii appointed Defendant Ronald Tom ("Tom") as a commissioner for the purpose of holding a public auction to sell the apartment. *Id*. ¶ 18.

The SAC alleges that Tom changed the locks on the apartment on several occasions, *id*. ¶¶ 23, 29, and 30, and that Tom and three officers from the Honolulu Police Department ("HPD") evicted Plaintiff's houseguest on October 1, 2017 under threat of arrest. *Id.* ¶¶ 32-44. The SAC further alleges that "[t]he Officers involved falsified the police report identified as Incident Report 17-371846." *Id*. ¶ 48.

B.   **Procedural Background**

Plaintiff filed a Verified Amended Complaint in state court on November 16, 2017, which the City removed to this court on December 5, 2017. ECF No. 1.  On December 12, 2017, the City filed its first Motion to Dismiss. ECF No. 7.  On December 22, 2017, after a status conference, Plaintiff agreed to file a SAC in an effort to meet the more stringent pleading requirements in federal court.  ECF No. 16.  The SAC was filed on February 26, 2018.  ECF No. 24.

The City's Motion to Dismiss Plaintiff's SAC was filed on February 28, 2018.  ECF No. 25.  Plaintiff filed a "Position Memorandum, Opposing in Part and Supporting in Part" the City's Motion to Dismiss.  ECF No. 35.  And the City filed its Reply on March 26, 2018.  ECF No. 37.

A hearing was held on May 14, 2018.

### III.  STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  Review is limited to the contents of the complaint.  *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995).  To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy the requirements of Federal Rule of Civil

Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief."

This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). And a pleading that offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. In other words, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* (citations and quotations omitted).

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory or has not alleged sufficient facts to support a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *Iqbal*, 556 U.S. at 678-79; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. *See Twombly*, 550 U.S. at 558-59. "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679.

## IV. **DISCUSSION**

### A. Counts 1 and 5: *Monell* Liability under 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Although municipalities and other local government units are "persons to whom § 1983 applies," *Monell*, 436 U.S. at 690, a municipality can only be liable "for its own" constitutional violations. *City of Okla. City v. Tuttle*, 471 U.S. 808, 818 (1985) (quoting *Monell*, 436 U.S. at 683). That is, § 1983 does not impose liability on municipalities for constitutional violations committed by its employees under the theory of respondeat superior. *Id.*

Rather, "*Monell* teaches that [a municipality] may only be held accountable if the deprivation was the result of municipal 'custom or policy.'" *Id.* at 817. "[T]he constitutional violation must be caused by 'a policy, practice, or

5

custom of the entity,' or be the result of an order by a policy-making officer." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (citations omitted). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (citations omitted).

> In other words,
>
> Local governing bodies *can* be held liable . . . where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or where the action is made "pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels."

*Jackson v. Barnes*, 749 F.3d 755, 762-63 (9th Cir. 2014) (quoting *Monell*, 436 U.S. at 690-91). "An official municipal policy . . .'includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law.'" *Tsao*, 698 F.3d at 1144 (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)).

Moreover, "a local government body can be held liable under § 1983 for policies of inaction as well as policies of action." *Jackson*, 749 F.3d at 763.

6

"[A] policy of inaction is based on a government body's 'failure to implement procedural safeguards to prevent constitutional violations.'" *Id.* (quoting *Tsao*, 698 F.3d at 1143).

Plaintiff has not plausibly alleged a *Monell* claim. Instead, it appears that Plaintiff assumed that the City could be held liable under a theory of respondeat superior — that is, the City could be vicariously liable for the acts of the three individual HPD officers. Count 1 (claiming a Fourth Amendment violation against the City) and Count 5 (claiming a Fourteenth Amendment violation against the City) contain no allegations describing how the City could be liable for its own actions or inactions. Specifically, the SAC alleges no policy, practice, or custom of the City, or that Plaintiff's harm was caused by a policy-making officer.

In response, Plaintiff simply claims that "[a]t the pleading stage, it is not reasonable to expect the victim of such a police intrusion to know whether the infringing conduct was the result of insufficient training/supervision or made in defiance of adequate training/supervision." ECF No. 35 at 4. But Plaintiff is not entitled to discovery to determine if he can state a claim. Instead, "plaintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after

it." *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) (citing *Iqbal,* 556 U.S. at 678-79).

Counts 1 and 5 are dismissed with leave to amend.

**B.      Counts 3 and 7: Hawaii State Constitution Claims**

Count 3 claims that the City's seizure of Plaintiff's personal property violated Article 1, §§ 6 and 7 of the Hawaii State Constitution. And Count 7 claims that the City's seizure of Plaintiff's personal property without notice or an opportunity to be heard violated Article 1, §§ 2, 5, and 8 of the Hawaii State Constitution.

The City argues that there is no private cause of action for damages under the Hawaii State Constitution. Plaintiff agrees in part, stating that "[u]nder *Figueroa v. State*, 61 Haw. 369, 604 P.2d 1198 (1979), Plaintiff is only prevented from seeking a judgment for *damages* for violations of the Constitution of the State of Hawaii; however, awards of injunctive and declaratory relief are still within the jurisdiction of this Court." ECF No. 35 at 2.[1]

---

[1] During the May 14 hearing, Plaintiff confirmed that he would not seek damages for any claims brought under the Hawaii State Constitution. And given the state of the record at this time, the court need not rule whether Hawaii recognizes a private cause of action for damages for a violation of the rights guaranteed under the Hawaii State Constitution. *Compare Kaahu v. Randall*, 2018 WL 472996, at *7 (D. Haw. Jan. 18, 2018) ("Courts in Hawaii have declined to recognize a direct private cause of action for damages resulting from the violation of rights guaranteed under the provisions of the Hawaii Constitution.") *with Pitts v. Tuitama*, 2017 WL
(Continued . . .)

The SAC provides no explanation as to how Plaintiff could obtain injunctive relief at this point, and does not seek any declaratory relief. Thus, Counts 3 and 7 are dismissed with prejudice to the extent they seek damages from the City. To the extent Plaintiff believes that a violation of the Hawaii State Constitution could result in injunctive or declaratory relief, the dismissal is with leave to amend.

**C.     Count 9: Civil Conspiracy**

Count 9 claims that Tom and the City "conspired to unlawfully deprive Plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, Article 1 §§ 2, 5, 6, 7, and 8 of the Hawaii Constitution." ECF No. 24 at 20.

Plaintiff agrees that the conspiracy claim fails as alleged, and that it should have been brought against Tom and the individual officers, not the City. Thus, Count 9 is dismissed with leave to amend.[2]

---

(. . . continued)
3880653, at *8 (D. Haw. Sept. 5, 2017) ("It is unclear whether Hawaii recognizes a private cause of action for damages for violation of rights guaranteed under the Hawaii State Constitution.").

[2] The City also claims that Count 9 fails to allege a plausible conspiracy because the SAC fails to set forth facts showing an agreement to violate Plaintiff's rights. The court agrees, and Plaintiff is cautioned to consider whether he can allege a plausible conspiracy claim when considering whether to attempt to amend this count.

9

# V. **CONCLUSION**

For the reasons stated above, the City's Motion to Dismiss is GRANTED, with leave to amend by June 29, 2018.[3]

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 14, 2018.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Tong v. Tom, et. al.*, Civ. No. 17-00581 JMS-KJM; Order Granting Defendant City and County of Honolulu's FRCP RULE 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Verified Complaint Filed on February 26, 2018, ECF No. 25

---

[3] At the hearing, all parties (including Tom's counsel) agreed that the entire SAC should be dismissed with leave to amend. That is, Plaintiff may file a Third Amended Complaint to name Tom, the individual HPD offices, and the City (if possible) to comply with this Order.